UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER A. UNDERWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-00546-JPH-MG |
| | ) |
| CENTURION HEALTH SERVICE, | ) |
| DENNIS REAGLE Warden, | ) |
| JOHN MERSHON Centurion, | ) |
| CHRISTIANA CONYERS Grievance | ) |
| Supervisor, | ) |
| TAYLOR MCCORKLE Grievance | ) |
| Specialist, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Christopher Underwood is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He filed this civil action alleging Eighth Amendment deliberate indifference to a serious medical need when previously incarcerated at Pendleton Correctional Facility. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

1

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Although a plaintiff need not plead legal theories in a complaint, see Fed. R. Civ. P. 8(a), Mr. Underwood has identified the theories he wishes to use—Eighth Amendment deliberate indifference and state law negligence against Defendants Conyers and McCorkle, and Eighth Amendment deliberate indifference against Defendants Centurion Health, Warden Reagle, and Dr. Mershon. Where a pro se litigant has expressly stated the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the court analyzes Mr. Underwood's claims only under the theories he has identified.

Mr. Underwood's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names as defendants (1) Centurion Health Service; (2) former Pendleton Warden Dennis Reagle;[1] (3) Dr. John Mershon; (4) Grievance Supervisor Christiana Conyers; and (5) Grievance Specialist Taylor McCorkle.

Mr. Underwood alleges that he suffers from polycystic kidney disease (PKD), which can cause severe pain in the back or belly, among other problems including kidney stones. On April 20, 2023, Mr. Underwood was experiencing excruciating pain in his groin and bladder area. An officer arranged for him to be taken to the infirmary. On April 24, Dr. Mershon examined Mr. Underwood, who told Dr. Mershon that he was feeling a little better that day but that he sometimes found it difficult to walk because of severe pain he had been experiencing. Dr. Mershon told him it was nothing to worry about.

On May 8, Mr. Underwood went to the infirmary to provide a stool sample and told a nurse that he was experiencing excruciating pain on the left side of his stomach. The nurse told him to put in a healthcare request slip. He did so later that day, stating in part that although Dr. Mershon had told him he had nothing to worry about, he did not trust Dr. Mershon's judgment. Mr. Underwood did not receive a response to this healthcare request. He filed subsequent requests on May 9, 10, 11, 15, and 16, all complaining of severe pain, which also did not receive responses.

---

[1] The current warden is Trent Allen.

3

After filing another healthcare request on the 17th, Mr. Underwood was seen by Nurse Practitioner Vernon Osburn on the 18th. NP Osburn told Mr. Underwood that the reason he wasn't seen sooner was because it was officer appreciation week at Pendleton and because of short staffing. NP Osburn ordered x-rays to be taken of Mr. Underwood's abdomen. The x-ray was taken on June 1. Between May 18 and June 1, Mr. Underwood had submitted two additional healthcare requests asking when his x-ray would be taken. On June 16, NP Osburn informed Mr. Underwood that the x-ray revealed that he was severely constipated and prescribed Dulcolax tablets for him. Mr. Underwood did not receive the tablets until June 21. Although Mr. Underwood refers to healthcare requests he submitted after this date, later in the complaint he specifies he "didn't receive any relief from the pain and constipation until June 21, 2023 . . . ." Dkt. 2 at 10. He also specifies that the incident to which he claims Defendants were deliberately indifferent was the excruciating pain in his abdomen and groin area "from April 2023 to June 2023." *Id.* at 11.

In addition to his healthcare requests, on May 14, Mr. Underwood submitted a grievance about the lack of response to his healthcare requests.[2] Mr. Underwood did not receive a response to this grievance, and he filed an appeal from the non-response on June 5. Also, on May 23, Mr. Underwood filed a request for interview with a grievance specialist because of the non-response. On June 1, Grievance Supervisor Conyers responded that the grievance

---

[2] Mr. Underwood sometimes seems to refer to healthcare requests and grievances interchangeably, though they are in fact different processes that are directed to different personnel (as indicated by the attached exhibits to Mr. Underwood's complaint).

4

department had not received any grievances from him since December 2022. On November 3, 2023, Grievance Specialist McCorkle formally responded to and denied this grievance. On that same date, Deputy Warden Andrew Cole denied Mr. Underwood's original appeal from the non-response to the grievance, stating, "[i]f your abdominal issue has not been resolved, I would encourage you to submit a health care request. The facility has remedied past issues medical has had and their response to health care requests is up to standards at this time." Dkt. 2-1 at 33.

Also, on May 18, Mr. Underwood sent a letter to Dr. Stephanie Riley, Centurion's statewide medical director, complaining about the lack of response to his multiple, recent healthcare requests. Mr. Underwood copied Warden Reagle on this letter. On May 29, Mr. Underwood sent a letter directly to Warden Reagle, complaining about the inadequate processing of grievances. Neither letter was responded to. And, on May 30, Mr. Underwood filed notices to this Court in five different pending cases, informing it of what he believed to be retaliation against him and that he was being denied access to the grievance process.

Mr. Underwood alleges generally that both the processing of his healthcare requests and his grievances did not comply with Indiana Department of Correction policies and procedures.

Mr. Underwood filed this complaint on November 18, 2024. He is seeking compensatory and punitive damages, declaratory judgment, and injunctive relief.

5

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

**A. Claims That Shall Proceed**

First, an Eighth Amendment deliberate indifference claim **shall proceed** against Dr. Mershon, based on his seeing Mr. Underwood at the end of April 2023 and allegedly ignoring or understating Mr. Underwood's pain, resulting in two months of untreated pain thereafter.

Second, a claim **shall proceed** against Centurion under the theory recognized in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), based on allegations of understaffing and a general widespread problem in timely responding to healthcare requests during the time at issue, which Mr. Underwood directly brought to Dr. Riley's attention.

**B. Claims That Are Dismissed**

The Prison Litigation Reform Act requires inmates to exhaust administrative remedies before filing suit. However, the exhaustion requirement does not create a freestanding right under federal law to access the administrative remedy process. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George*

*v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31(internal citations omitted). Because Mr. Underwood had no expectation of a particular outcome of his grievances or complaints there is no viable claim against Grievance Supervisor Conyers or Grievance Specialist McCorkle that can be vindicated through 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983). All claims against them **are dismissed**. To the extent Mr. Underwood claims Warden Reagle failed to take action to fix the grievance process at Pendleton, such claims likewise **are dismissed**.

To the extent Mr. Underwood suggests Warden Reagle bore responsibility for his delayed healthcare, "[n]on-medical defendants . . . can rely on the expertise of medical personnel." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). The Seventh Circuit has made clear that, "if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.* Here, there are inadequate allegations that Mr. Underwood was completely deprived of healthcare, and/or that Warden Reagle was aware of that situation and was in a position to correct the problem, such that Warden Reagle could not rely on the expertise of medical personnel. Any such claims against Warden Reagle **are dismissed**.

7

Finally, to the extent Mr. Underwood is alleging that Pendleton officials and Centurion violated various policies or procedures in relation to his healthcare, "[42 U.S.C.] Section 1983 protects against constitutional violations, not violations of departmental regulation and practices." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) (cleaned up). Any claims based on alleged violations of policies and procedures against any defendant **are dismissed**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 20, 2025,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

The following claims are proceeding in this action: Eighth Amendment deliberate indifference claims against Dr. Mershon and *Monell* policy claims against Centurion. All other claims have been dismissed.

The **clerk is directed** to terminate Warden Dennis Reagle, Grievance Supervisor Christiana Conyers, and Grievance Specialist Taylor McCorkle as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Centurion Health Service and Dr. John Mershon in the manner specified by Rule 4(d). Process shall consist of the complaint filed on November

18, 2024, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve Centurion and its employee electronically.

Defendant Dr. Mershon is identified as an employee of Centurion. Centurion is **ORDERED** to provide the full name and last known home address of Dr. Mershon if he does not waive service, if they have such information. This information shall be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 5/27/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Centurion and its employee:
    Dr. John Mershon

CHRISTOPHER A. UNDERWOOD
863907
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only